2r  68
136  458

[SUNBURY, JULY 3, 1829.]

## SECKEL *against* ENGLE and another.

### IN ERROR.

Testator devises to one child a tract of land, and afterwards devises to another child a larger tract, held by an older title, and which embraces within its boundaries the whole of the tract first devised: Evidence is inadmissible on the part of the first devisee to show that the title to the larger tract was defective.

Under such circumstances, the two devisees take the smaller tract together, as tenants in common.

ERROR to the Court of Common Pleas of *Union* county, in an ejectment brought by *Henry Seckel* against *John Engle* and *John Guier*, to recover ninety-four acres and three quarters of land in *Penn* township.

*George Cooper* being seised of lands in *Union* county, devised to his daughter, *Sophia Seckel*, for life, remainder in fee to her children, " a tract of land in *Penn* township, surveyed to *George Cooper*," and afterwards devised to his daughter, *Dorothy Guier*, " also a tract of land in *Penn* township, called *Nicatenslin*, granted to me by patent, recorded AA. vol. 14, p. 234."

The first-mentioned tract contained ninety-four acres and three quarters, and was patented to the testator *August* 30th, 1786: the second tract contained three hundred and fourteen acres and one hundred and one perches, and had been patented to him *March* 21st, 1774: but it appeared that the whole of the smaller patent was included within the bounds of the larger.

The plaintiff offered to prove that the patent of 1774 was obtained by misrepresentation and imposition practised on the land office; that no survey had been made on the ground, and that there was no warrant authorizing such a survey. The evidence was rejected by the court, who charged the jury that the defendant had shown an older and a better title, and therefore the plaintiff could not recover. Verdict for the defendants.

The argument on the writ of error was conducted by *Lashells* and *Merrill* for the plaintiff in error, who contended, that they had a right to show that the title to the larger tract was defective. If the testator had no title under the patent of 1774, there was no devise to *Dorothy Guier*. But, at any rate, *Sophia* was entitled to half the land in dispute, as tenant in common with *Dorothy*.

*Greenough* and *Hepburn*, *contra*, argued, that as both parties claimed under *George Cooper*, the evidence which had been offered was inadmissible, and properly rejected by the court below. The testator certainly intended to give to *Dorothy* the whole, and not

a part of the large tract.    The last devise is to her, and it is well
settled that the last devise shall prevail. 2 *Yeates,* 525.

The opinion of the court was delivered by

Gibson, C. J.—Both parties claim under the testator, and it is
therefore not competent to either to dispute the original title of the
other; so that the evidence to show that the defendant's warrant
had not been actually surveyed on the ground, was properly over-
ruled.

As regards the remaining point, the case is a singular one.    The
testator, erroneously supposing himself to be the owner of two se-
parate tracts of land, (the smaller under a junior title being located
by mistake within the survey of the larger,) devises each respec-
tively to one of his daughters; and the question is, whether the
lesser tract, being given to both by successive devises, is to be held
by them together, or whether the devisee of the older title shall
take the whole.    The smaller, which is first in the order of dispo-
sition, is described as "a tract of land in *Penn* township, surveyed
to *George Cooper;*" and the larger, as "a tract of land in *Penn*
township, called *Nicatenslin,* granted by patent."    Hence, an ar-
gument that the devisee of the larger tract, is to take in exclusion
of her sister, not on the old notion of the last devise in a will be-
ing the best, but because she is the devisee of the better title, the
devise of the smaller tract being void, as it is said, by reason of
nothing being left on which it can operate.    But, it seems to me,
there is a fallacy in supposing that only muniments of title were
devised, and that the land itself did not pass except as an accident
of the better title.    Either title was sufficient to carry the land.
The testator could have recovered on the junior title against a stran-
ger, who would not have been permitted to set up another title in
the testator himself.    So a conveyance of the junior title would
have passed her whole estate in the land.    Even a devise of it
would do the same against the heir; and why not pass a concurrent
estate against another devisee who claims under the same instru-
ment?    It is difficult, even in imagination, to separate the evidence
of ownership from the ownership itself; or to believe that the tes-
tator, having the estate in him, though by different titles, intended
to give his child nothing but one of the badges of ownership, which
might prove to be entirely destitute of value.    There cannot be a
doubt but that he intended to give the land.    It has been said that,
without assuming too much, we cannot affirm that he would have
given it thus, had he been apprized of its being included in a tract
which he designed for another.    With equal plausibility might it
be said, that he would not have given the larger tract, as he has
done, had he been apprized of its containing within it a smaller one
which he designed for another.    The argument would equally
prove both devises void for misapprehension, and thus produce
consequences probably further distant from what he would have di-

(Seckel v. Engle and another.)

rected with full knowledge of the circumstances, than the appor-
tionment of the loss between the immediate devisees. He might
possibly have made a proportionate deduction from all the objects
of his munificence: certainly he would not, as proposed, have
thrown the whole loss upon one. But these are contingencies on
which we cannot speculate. We can apply no other remedy than
the rule which gives an undivided interest to each of two succes-
sive devisees of the same estate, in the same will. It seems to me,
then, there was error in refusing to direct the jury that the plain-
tiff was entitled to an undivided moiety of the land contained in
the lesser survey.

Rogers and Smith, Justices, dissented.

Judgment reversed, and a *venire facias de novo* awarded.